DAVENPORT et al. v. PRINCE.

(Circuit Court, E. D. New York. May 12, 1893.)

1. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT—DEMAND.
   Defendant's father was executor of a will which bequeathed a certain sum to plaintiffs, and he and defendant were coexecutors of another will. The father mingled the funds coming into his hands under the two wills, and invested them in land. At his death the defendant, as surviving executor under the latter will, sold the land, and took two mortgages on it,—one to himself, as executor, and the other (for the amount of the fund due plaintiffs) to himself, as trustee,—and he recorded the latter mortgage after the other. He afterwards foreclosed the first mortgage, and had the land bid in for his benefit. *Held*, that a right of action against defendant for the fund did not accrue to plaintiffs, nor did the statute begin to run, until they made a demand upon him for it.

2. SAME—INQUIRY—DEMAND AND REFUSAL.
   An inquiry by plaintiffs as to the status of the fund, and a denial by defendant that he ever had it, on the ground that the foreclosure of the first mortgage wiped out the fund, and ended his liability, did not constitute such a demand and refusal as will set the statute running.

At Law. Action by Abraham C. Davenport and Antoinette P. Davenport against David Prince. There was a verdict for plaintiffs, and defendant moves for a new trial. Motion overruled, and judgment on verdict.

Benjamin Estes, for plaintiffs.

Dillaway, Davenport & Leeds, (John S. Davenport, of counsel,) for defendant.

WHEELER, District Judge. Abraham Cargill bequeathed the use of a fund, which became $5,328, to the plaintiffs' mother, during life, and the principal to her children, at her decease, by will, of which the defendant's father was executor. The mother of the defendant left a will, of which he and his father were executors. This fund was invested by the defendant's father, with the estate of the defendant's mother, in real estate in Pennsylvania, upon which he attempted to take security for it; and the interest was paid to the plaintiffs' mother during her life, and a while after her death, by consent of her children, to their father. The defendant, after death of his father, sold the property, as surviving executor of his mother, for $12,500, and took a mortgage for $7,172 to himself, as executor, and another for $5,328, representing this fund, to become due in 10 years, to himself, as trustee, which was recorded after the other. After some payments on the principal of the first mortgage, and of interest on the second, the defendant, in 1877, caused the property to be sold for $450, on foreclosure of the first; and it was afterwards conveyed by the purchaser to the Prince Manufacturing Company, in which the defendant was largely interested, and from which he received money. On inquiry in behalf of the plaintiffs, in 1878, the defendant denied that he had ever had the fund, and claimed that the foreclosure of the first mortgage "wiped out" the one given for

the fund, and ended his liability. A demand of the fund just before this suit was brought was admitted. There was evidence, by statements and conduct of the defendant, and circumstances, tending to show that he had the fund, and that the property was bid in at the foreclosure sale. The defendant relied upon the statute of limitations, and claimed that the defendant had not so received money as to be liable in this action. The court held that the cause of action accrued on the demand, and directed the jury to find for the plaintiffs, if, upon all the evidence, the plaintiffs had shown that the defendant had the fund. The defendant has moved for a new trial, principally on account of these rulings.

Many cases have been cited on behalf of the defendant, showing that no demand is necessary for the recovery of money belonging to others received under some duty to those to whom it belongs, or tortiously against their rights, but this case differs from those. Here the defendant did not receive this property or fund tortiously. He was not executor of the will of Cargill, and owed no duty about the assets under it to any one. His father, as the executor, mingled them with the estate of his mother. They came to the defendant with that estate, as coexecutor, and finally as sole executor, of the will of his mother. He owed no duty about them as such executor. They were in his hands as the property of those to whom they belonged. He was under no obligation to take them to the owners, nor otherwise about them, but that of preservation. He could be in no default until he had refused them to the owners. Prescott v. Parker, 14 Mass. 428; Miles v. Boyden, 3 Pick. 213; Bradstreet v. Clark, 21 Pick. 389.

Counsel for defendant argues that the denial of having, or having had, the fund, was equivalent to a demand and refusal, and that the action thereupon accrued, if ever, to the plaintiffs. This may be so, but whether it is or not is at least doubtful. The plaintiffs had made no demand, and only an inquiry had been made for them. They were not obliged to treat the defendant's assertion as being anything more than an answer to the inquiry which had been made for them. That the defendant only received real estate or property would not, as argued for him, be sufficient to maintain this action for the fund. What he received was real estate when he received it; but he sold that, and had received the avails of it, before this action was brought. The fund was not shown to have been subject to the right of the estate of the defendant's mother in the real estate in which it was invested. He appears to have made the mortgage for it second by record of his own motion. The evidence seems to have well warranted the jury in finding that it was bid in for the defendant, and that by the disposal of it afterwards he received more than the amount of the fund, with interest from the demand, in money or its equivalent, on account of the investment of the fund in the real estate. 2 Greenl. Ev. § 218. No sufficient reason for setting aside the verdict, therefore, appears.

Motion for new trial overruled, and judgment on the verdict.